IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

NANCY LEWIS and
LADY BROWN DOG
THE ENFORCER,

      Plaintiffs,

  vs.                                            CIVIL NO.  09-269 LFG/WDS

JOY JUNCTION HOMELESS
SHELTER and ALBUQUERQUE
POLICE DEPARTMENT,

      Defendants.

## MEMORANDUM OPINION AND ORDER
## DISMISSING ACTION, WITHOUT PREJUDICE

THIS MATTER is before the Court on a *sua sponte* review of Plaintiff Nancy Lewis' ("Lewis") "Complaint for Civil Rights Violation," alleging violations of the Americans with Disabilities Act of 1990 ("ADA").[1] Lewis' Complaint was filed on March 13, 2009, and asserts ADA claims against Joy Junction Homeless Shelter ("Joy Junction") and the Albuquerque Police Department ("APD").

### Authority for *Sua Sponte*[2] Analysis

While Congress removed barriers to court access for indigents by enacting the *in forma pauperis* statute, it also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,

---

[1] Cases brought before the United States District Court are serious and deal with important issues. Lewis may have thought it clever to name her dog as a co-plaintiff and to have her dog's paw print on the signature line of the complaint. It was not. Indeed, it was improper. The Court will not divert its attention from its responsibilities to address complaints purportedly filed by a dog. *See* Goss v. Fairfield Housing Authority, 2006 WL 1272623 at * (D. Conn. Mar. 14, 2006) (holding that there are no provisions in the ADA or any other civil rights statute that confer upon an animal the right to bring a civil action). Thus, the purported Complaint filed by "Lady Brown Dog the Enforcer" is dismissed. Lewis is cautioned not to engage in this kind of frivolous conduct in the future.

[2] The Court already granted Lewis' request to proceed *in forma pauperis*. [Doc. 5.]

malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989); Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1732-33 (1992).

Due to this concern, Congress authorized federal courts to dismiss an *in forma pauperis* pleading "if the court determines that . . . the action . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(I). Accordingly, federal courts now conduct a *sua sponte* review of a complaint pursuant to this section to determine if the complaint can withstand scrutiny under Fed. R. Civ. P. 12(b)(6). Dismissal of a complaint is appropriate only if, accepting as true all facts alleged, Plaintiff has not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (abrogating the "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "[A] plaintiff must 'nudge [her] claims across the line from conceivable to plausible' in order to survive a motion to dismiss." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (internal citation omitted).

## Allegations

Lewis contends that, as a homeless person, she sought shelter at the Joy Junction. She was told that she could not bring her service dog to the shelter. When informed she could not utilize Joy Junction's shelter service because of her dog, the shelter's van driver contacted the Albuquerque Police Department to ascertain if Lewis could stay at the "police emergency shelter," but was told that service dogs were not permitted there. [Doc. 1.]

## *Sua Sponte* Analysis of Lewis' Complaint

The ADA is separated into three titles, two of which are implicated by Lewis' Complaint. Title II of the ADA prohibits a public entity from discriminating against disabled individuals and states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or

be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Thus, Lewis' claim against APD, with respect to an alleged denial of services by a public entity, arises under Title II.

Title III of the ADA prohibits a place of public accommodation from discriminating against disabled individuals and states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).  Lewis' claim against the Joy Junction, with respect to an alleged denial of public accommodations, arises under Title III.

As a threshold matter, "any plaintiff asserting a claim under the ADA must establish he or she is a 'qualified individual with a disability.'" Lanman v. Johnson County, Kan., 393 F.3d 1151, 1156 (10th Cir.2004) ( quoting 42 U.S.C. § 12112(a)).  "A disability within the meaning of the ADA is 'a physical or mental impairment that substantially limits one or more of the major life activities' of an individual." Robertson v. Las Animas County Sheriff's Dep't., 500 F.3d 1185, 1193-94 (10th Cir. 2007) (quoting 42 U.S.C. 12102(2)(A)).  A plaintiff also must allege under either Title II or III of the ADA that she was denied full and fair treatment (or excluded from an entity's programs or services, etc.) *because* of a disability.  42 U.S.C. §§ 12132 and 12182(a).

Lewis' complaint fails to allege that she is a "qualified person with a disability" or that she has a "physical or mental impairment that substantially limits one or more of the major life activities of an individual."  Lewis also did not allege that she was denied services or access to a program *because* a qualified disability.  Thus, even accepting as true all facts alleged, Lewis did not plead "enough facts to state a claim to relief that is plausible on its face."

Instead, Lewis alleges that she was denied access to Joy Junction and to the "police emergency shelter" because of her "service dog."  Similarly, these allegations do not "nudge her claims across the line from conceivable to plausible."

In <u>Vaughn v. Rent-A-Center, Inc.</u>, 2009 WL 723166 (S.D. Ohio March 16, 2009), the court succinctly noted:

> Discrimination under the [ADA] is defined to include a business's failure to make reasonable modifications in policies and practices when modifications are necessary to provide goods and services to disabled individuals, unless the business can show that making such modifications would fundamentally alter the nature of the goods and services provided.  42 U.S.C. § 12182(b)(2)(A)(iii).  The Department of Justice has been tasked by Congress with the duty to promulgate regulations that flesh out the requirements of the ADA.  <u>Bragdon v. Abbott</u>, 524 U.S. 624, 646, 118 S. Ct. 2196, 141 L.Ed. 2d 540 (1998).  With regard to disabled people who use service animals, the Department of Justice regulations state that "[g]enerally, a public accommodation shall modify policies, practices or procedures to permit the use of service animals by an individual with a disability." 28 C.F.R. § 36.302(c)(1).

However, provisions of the ADA define a service animal as follows:

> Service animal means any guide dog, signal dog, or other animal individually trained to do work or perform tasks for the benefit of an individual with a disability, including but not limited to, guiding individuals with impaired vision, alerting individuals with impaired hearing to intruders or sounds, providing minimal protection or rescue work, pulling a wheelchair, or fetching dropped items.

28 C.F.R. § 36.104.  Here, Lewis' complaint contains no allegations that would set her "service dog" apart from the ordinary pet.  There are no allegations of what type of assistance the dog provides to Lewis or what type of training the dog may have received that would benefit "an individual with a disability."  Thus, there are no allegations that Lewis' dog meets the requirements for a "service dog" under the ADA.

Lewis' Title III allegations against Joy Junction fail for yet another reasons.  Her complaint seeks only monetary damages, but the only remedy available to a private litigant under Title III of the ADA is injunctive relief and attorney's fees and costs.  <u>Vaughn</u>, 2009 WL 723166 at *4.  Monetary damages cannot be recovered under Title III.  <u>Id.</u> (internal citations omitted).

It is questionable whether Lewis' Title II claim against APD can survive for similar reasons. A District of Kansas court noted that it had previously determined that monetary damages were not recoverable under Title II of the ADA to redress mental anguish and humiliation. Tyler v. City of Manhattan, 857 F. Supp. 800, 819 (D. Kan. 1994) (internal citation omitted).

In addition, Lewis attempts to bring a claim against an improper entity. APD is an administrative department within the City of Albuquerque. When a police department is an integral part of a city government and merely the vehicle through which government fulfills its policing function, it may not be sued as a separate entity. *See* Henry v. Albuquerque Police Dept., 49 F. App'x 272, (10th Cir. Oct. 23, 2002) (district court properly relied on an unpublished decision from this court holding that the Albuquerque Police Department lacks a legal identity apart from the City of Albuquerque).

Therefore, even affording Lewis' *pro se* complaint a liberal construction, Northington v. Jackson, 973 F. 2d 1518, 1520-21 (10th Cir. 2002), the complaint is deficient and subject to dismissal under Fed. R. Civ. P. 12(b)(6) for the reasons stated above. However, because Lewis may be able to cure some or all of the problems in her complaint, the dismissal is without prejudice.

IT IS THEREFORE ORDERED that Lewis' civil rights complaint based on alleged ADA violations [Doc. 1] is DISMISSED, without prejudice.

IT IS FURTHER ORDERED that the purported complaint filed by Lewis' dog is DISMISSED, with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge